UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 21 2002

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**United States of America**

v.

**Mark Warren Sands**
9046 N. 28th Street
Phoenix, AZ 85028

USM#: 46192-008    DOB: 6-20-51    SSN: 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

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

No. CR 01-00533-001-PHX-SRB

Deborah Euler-Ajayi (Appointed)
Attorney for Defendant

**THE DEFENDANT ENTERED A PLEA OF** on to Count 1, 4, 8, 11, 14, 17, 20 of the Indictment and Count 1 of the Information.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S)** violating Title 18, USC §1951, Extortion Affecting Interstate Commerce, a Felony offense, as charged in Count 1 of the Indictment; Title 18, USC §1951, Extortion Affecting Interstate Commerce, a Felony offense, as charged in Count 4 of the Indictment; Title 18, USC §1951, Extortion Affecting Interstate Commerce, a Felony offense, as charged in Count 8 of the Indictment; Title 18, USC §1951, Extortion Affecting Interstate Commerce, a Felony offense, as charged in Count 11 of the Indictment; Title 18, USC §1951, Extortion Affecting Interstate Commerce, a Felony offense, as charged in Count 14 of the Indictment; Title 18, USC §1951, Extortion Affecting Interstate Commerce, a Felony offense, as charged in Count 17 of the Indictment; Title 18, USC §1951, Extortion Affecting Interstate Commerce, a Felony offense, as charged in Count 20 of the Indictment; Title 18, USC §844(h)(1) and (2), Use of a Fire to Commit a Federal Felony, a Felony offense, as charged in Count 1 of the Information.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **NINETY SIX (96) MONTHS** on Counts 1, 4, 8, 11, 14, 17, 20 of the Indictment said counts to run concurrently and for a term of **ONE HUNDRED TWENTY (120) MONTHS** on Count 1 of the Information said count to run consecutively to Counts 1,4,8,11,14,17 and 20 of the Indictment, with credit for time served. Upon release from imprisonment the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** on Counts 1, 4, 8, 11, 14, 17, 20 of the Indictment and Count 1 of the Information, said counts to run concurrently. The Court recommends that the defendant be placed in an institution in Colorado.

**IT IS FURTHER ORDERED** that all remaining counts of the Indictment are DISMISSED on motion of the United States.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay to the Clerk, U.S. District Court, Attn: Finance, Suite 130, 401 West Washington St., SPC 1, Phoenix, Arizona 85003-2118, the following total criminal monetary penalties:

(40)

Case 2:01-cr-00533-SRB   Document 40   Filed 02/11/02   Page 2 of 5

CR 01-00533-001-PHX-SRB                                                    Page 2 of 4
USA vs. Mark Warren Sands

**SPECIAL ASSESSMENT:** $900.00     **FINE:** $0.00   **RESTITUTION:** $2,822,483.80

Defendant does not have the ability to pay a fine or only has the ability to pay a fine less than the guideline minimum.

All monetary penalties are due immediately or in regular monthly installments. If incarcerated, payments shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Any unpaid balance shall become a condition of supervision and shall be paid within 90 days of the expiration of supervision.

The total special assessment of $900.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 1, 4, 8, 11, 14, 17, 20 of the Indictment and Count 1 of the Information.

Restitution shall be paid to the following victims in the following amounts:

| Victim | Amount |
|---|---|
| Chubb and Sons Insurance | $1,340,527.60 |
| Lee Benson | $110,500.00 |
| Allstate Insurance Company | $480,000.00 |
| Mario and Melanie Lios | $40,000.00 |
| Farmer's Insurance | $322,250.75 |
| Timothy Onofryton and Marguerite P. Meyers | $55,000.00 |
| Amy Jo Gittler and Michael Sillyman | $3,914.00 |
| Farmer's Insurance | $275,472.96 |
| Robert and Danielle Sanowski | $88,100.00 |
| Valley Forge Insurance Company, CNA | $179,289.65 |
| M/I Homes, Inc. | $25,000.00 |

Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. Restitution is to be made in regular installments of $350.00 per month commencing 90 days following Defendant's release from custody. If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. **The Court hereby waives the imposition of interest and penalties on any unpaid balance of restitution.**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **THREE (3) YEARS** on Counts 1, 4, 8, 11, 14, 17, 20 of the Indictment and Count 1 of the Information, said counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

<u>For offenses committed on or after September 13, 1994</u>: The defendant shall refrain from any unlawful use of a controlled substance. Pursuant to 18 USC §3563(a)(4) and 3583(d) the defendant shall submit to one drug test within 15 days of release from imprisonment and such other periodic drug tests thereafter, as directed from time to time by the probation officer.

The defendant shall not possess a firearm, ammunition or other dangerous weapon as defined in 18 U.S.C. §921.

The defendant shall comply with the standard conditions of supervision:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.

CR 01-00533-001-PHX-SRB  
USA vs. Mark Warren Sands

3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Possession of controlled substances will result in mandatory revocation of your term of supervision. If ordered by the Court to participate in a drug and/or alcohol abuse treatment program, you shall totally abstain from the use of any alcoholic beverages or other intoxicants during and after the course of your treatment.
9) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
10) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
13) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
15) You shall refrain from possessing a firearm, destructive device, or other dangerous weapon. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases unless special condition imposed by Court.
16) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and at least two periodic substance abuse tests thereafter, pursuant to 18 U.S.C. §§ 3563(a)(4) and 3583(d);
17) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
18) The balance of any financial obligation ordered by this Court shall be paid in regular monthly installments approved by the probation officer, the full amount to be paid 90 days prior to expiration of supervision. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

The defendant shall also comply with the following special conditions:

1. You shall submit to search of person, property, vehicles, business, and residence to be conducted in a reasonable manner and at a reasonable time by, or at the direction of, the probation officer.
2. You shall provide the probation officer access to any requested financial information.
3. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.
4. You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.
5. You shall not contact the following victim(s), Lee Benson, Mario and Melanie Lios, Amy Jo

Case 2:01-cr-00533-SRB   Document 40   Filed 02/11/02   Page 4 of 5

CR 01-00533-001-PHX-SRB                                                    Page 4 of 4
USA vs. Mark Warren Sands

      Gittler and Michael Sillyman, Timothy Onofryton and Marguerite P. Meyers and Robert and Danielle Sanowski, and the probation officer will verify compliance with this no contact term.
6. You are prohibited from owning, maintaining or using a firearm.
7. You shall abstain from all use of alcohol or alcoholic beverages.

**UNLESS PREVIOUSLY WAIVED, THE DEFENDANT IS ADVISED OF THE RIGHT TO APPEAL THE IMPOSED SENTENCE BY FILING A NOTICE OF APPEAL WITHIN 10 DAYS FROM THE IMPOSITION OF SENTENCE.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervise release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons and recommends:
that the defendant be placed in an institution in Colorado.
The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: **Monday, February 11, 2002**

_____   Date  2/15/02
SUSAN R. BOLTON, United States District Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on_____ to_____ at_____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____   By:_____
United States Marshal                                    Deputy Marshal

CC: USA/CNSL(Deborah Euler-Ajayi)/PROB(2)/PTS/FIN/JUDGE/USM(2 certified)/Order Book

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

## ELECTRONIC CERTIFICATION

I hereby attest and certify on February 21, 2002
that the foregoing document is a full, true and correct copy of the original
on file in my office and in my custody.

CLERK, U. S. DISTRICT COURT
DISTRICT OF ARIZONA

By _____ Deputy Clerk

Electronic Certification Issued pursuant to General Order 99-3

Verification Code_WTDKSVvahvf_